OPINION
{¶ 1} The defendant-appellant, Robyn Hiday ("Robyn"), appeals the judgment of the Mercer County Common Pleas Court, Domestic Relations Division, overruling her objections to the magistrate's decision, which ordered the plaintiff-appellee, Ted K. Hiday ("Ted"), to pay spousal support of $1,350.00 per month for 87 months.
 {¶ 2} The parties were married on July 26, 1975. During the marriage, two daughters were born. The older daughter has been emancipated, but the younger daughter was a minor at the time of the divorce. Robyn left the marital residence in March 2004. Citing incompatibility, Ted filed a complaint for divorce on March 15, 2004. The parties established their own property settlement agreement, apparently with the assistance of counsel, which was filed on March 31, 2005. A final hearing was held on April 11, 2005 to address the issues of spousal support and child support. The magistrate heard testimony from five witnesses, Ted moved seven exhibits into evidence, Robyn moved ten exhibits into evidence, and the parties moved a joint exhibit into evidence.
 {¶ 3} The magistrate filed her decision on May 23, 2005. The magistrate accepted the parties' property settlement agreement, ordered Robyn to pay child support in the amount of $184.00 per month, and ordered Ted to pay spousal support in the amount of $1,350.00 per month for 87 months, or 7.25 years. Magis. Decision, May 23, 2005, at 11, ¶¶ 3, 5, 9. The magistrate retained jurisdiction over the amount of the award, but not the duration. Id. at 12, ¶ 9. On August 22, 2005, Robyn filed objections to the magistrate's decision. Robyn challenged the amount and duration of spousal support and one of the magistrate's evidentiary rulings. Robyn requested spousal support in the amount of $3,000.00 per month until the parties' minor child has graduated, then $4,000.00 per month until she is eligible for Social Security. On January 18, 2006, the trial court adopted the magistrate's findings and overruled Robyn's objections, finding that the magistrate's decision was not against the manifest weight of the evidence. On January 23, 2006, the trial court filed a decree of divorce. Robyn appeals the trial court's decision and asserts the following assignments of error:
The Court erred in determining defendant's and plaintiff'snecessary living expenses in the future.
 The Court erred in determining and applying a differentstandard of living for each of the parties established during themarriage.
 The Court demonstrated bias and prejudice against defendant,which demonstrably affects adversely the amount and term ofspousal support awarded to her.
 The Court erred in determining the physical and medicalcondition of defendant and her ability to work full time atminimum wage.
 The Court erred in allowing the unqualified opinion of ScottGels, licensed only as an occupational therapist, the admissionof Plaintiff's Exhibit 9, and in failing to rule on defendant'sobjections to said testimony and exhibit.
 The Court erred in failing to consider the testimony of Dr.Hubbell and also in failing to attempt to differentiate and/orreconcile the testimony of Dr. Hubbell and Scott Gels.
 The Court improperly considered plaintiff's financialobligations after divorce, in spite of the agreement of theparties adopted by the Court that the division of property wasfair and equitable and also that the plaintiff would pay theindebtedness owed to his parents.
 The award of spousal support by the lower court is arbitraryand capricious and lacks sufficient reasoned basis and detail toenable this reviewing court to determine whether it is fair,equitable and in accordance with the law.
 Fourth, Fifth, and Sixth Assignments of Error {¶ 4} For ease of analysis, we will address the assignments of error out of order and analyze the fourth, fifth, and sixth assignments of error together. In the fourth assignment of error, Robyn contends the trial court failed to consider the deposition or report of Dr. Susan Hubbell ("Hubbell"), in which she opined that Robyn could work no more than four hours per day with severe limitations. In the fifth assignment of error, Robyn contends the trial court erred by accepting the findings of plaintiff's witness, Scott Gels ("Gels"). Robyn contends that "[t]he magistrate offers nothing in her report as to how she compares the testimony of the therapist [Gels] and the medical doctor [Hubbell] and on what authority a computer generated report is admissible and outweighs the testimony of a medical doctor." In the sixth assignment of error, Robyn challenges the magistrate's finding that she "`is perfectly capable of working at minimum wage job.'" Robyn essentially contends that the magistrate and the trial court gave greater weight to Gels' testimony than it gave to Hubbell's testimony.
 {¶ 5} In response to the fourth assignment of error, Ted contends that the magistrate and the trial court considered Hubbell's recommendation, as evidenced in their respective opinions. Ted argues there is sufficient evidence in the record to support the magistrate's findings. In response to the fifth assignment of error, Ted contends the magistrate ruled on Robyn's objections as to Gels' testimony during the hearing, and in response to the sixth assignment of error, Ted essentially contends that the trial court did not err in weighing the evidence and determining witness credibility.
 {¶ 6} The trial court has broad discretion to admit or exclude evidence. Winkler v. Winkler, 10th Dist. Nos. 02AP-937 and 02AP-1267, 2003-Ohio-2418, at ¶ 79 (quoting Krischbaum v.Dillon (1991), 58 Ohio St.3d 58, 66, 567 N.E.2d 1291). Therefore, absent an abuse of discretion, the trial court's evidentiary rulings will not be disturbed. Id. An "`abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (quoting State v. Adams (1980),62 Ohio St.2d 151, 157, 404 N.E.2d 144 (internal citations omitted)).
 {¶ 7} In this case, we cannot find that the trial court abused its discretion by considering Gels' testimony because Robyn has not been prejudiced by the magistrate's findings. Robyn specifically objects to finding 74 of the magistrate's decision, which states, "[t]he Magistrate has prepared a child support
calculation worksheet in accordance with Ohio Revised Code Section 3119.022. Income has not been imputed to Robyn though she is perfectly capable of working at a minimum wage job. * * *" Magis. Decision, at 10 ¶ 74 (emphasis added). The magistrate also mentioned Robyn's ability to work when she wrote:
Defendant is also reminded as child support obligor, shemay be ordered to seek work. The Magistrate finds that she isable to work, though it may be part-time. She is still ableto earn wages at the annual minimum wage rate of $10,712.00. Solong as she is current in her child support and continues toreceive substantial investment income and her spousal support,it will not be necessary for her to seek employment. * * *
Id. at p. 11, ¶ 8 (emphasis added). Robyn's objections on appeal relate to the award of spousal support. The magistrate statements concerning Robyn's physical ability, or inability, to work are limited to the analysis of child support. Furthermore, even in the context of child support, the trial court did not impute any income to Robyn, nor did it require her to work. Therefore, even if the trial court improperly admitted Gels' testimony, Robyn has not been prejudiced thereby, and the trial court has not abused its discretion. The fourth, fifth, and sixth assignments of error are overruled.
 Third Assignment of Error {¶ 8} In the third assignment of error, Robyn contends the magistrate made improper statements concerning her intentions and abilities to work. Robyn argues that the magistrate penalized her for smoking, not exercising, and living with friends, and that the magistrate mischaracterized her prior employment history. In response, Ted argues that the trial court has broad discretion to weigh evidence and assess witness credibility.
 {¶ 9} Ohio's trial courts have broad discretion in awarding spousal support. Henderson v. Henderson, 3rd Dist. No. 10-03-05, 2003-Ohio-2709, at ¶ 5 (citing Kunkle v. Kunkle
(1990), 51 Ohio St.3d 64, 554 N.E.2d 83; Cherry v. Cherry
(1981), 66 Ohio St.2d 348, 421 N.E.2d 1293). Therefore, absent an abuse of discretion, an appellate court may not substitute its judgment for that of the trial court. Id. (citing Kunkle,
supra). However, we recognize that the "trial court is in the best position to observe the witnesses, weigh evidence and evaluate testimony." Shaffer v. Shaffer, 3rd Dist. No. 11-04-22, 2005-Ohio-3884, at ¶ 10 (citing In re Brown (1994),98 Ohio App.3d 337, 648 N.E.2d 576).
 {¶ 10} Despite the trial court's discretion in awarding spousal support, the court is bound to consider certain statutory factors. See R.C. 3105.18(C). In determining "whether spousal support is appropriate and reasonable," "the nature, amount, and terms of payment," and "the duration of spousal support", the trial court must consider:
(a) The income of the parties, from all sources, including,but not limited to, income derived from property divided,disbursed, or distributed under section 3105.171 of the RevisedCode;
 (b) The relative earning abilities of the parties;
 (c) The ages and the physical, mental, and emotionalconditions of the parties;
 (d) The retirement benefits of the parties;
 (e) The duration of the marriage;
 (f) The extent to which it would be inappropriate for a party,because that party will be custodian of a minor child of themarriage, to seek employment outside the home;
 (g) The standard of living of the parties established duringthe marriage;
 (h) The relative extent of education of the parties;
 (i) The relative assets and liabilities of the parties,including but not limited to any court-ordered payments by theparties;
 (j) The contribution of each party to the education, training,or earning ability of the other party, including, but not limitedto, any party's contribution to the acquisition of a professionaldegree of the other party;
 (k) The time and expense necessary for the spouse who isseeking spousal support to acquire education, training, or jobexperience so that the spouse will be qualified to obtainappropriate employment, provided the education, training, or jobexperience, and employment is, in fact, sought;
 (l) The tax consequences, for each party, of an award ofspousal support;
 (m) The lost income production capacity of either party thatresulted from that party's marital responsibilities;
 (n) Any other factor that the court expressly finds to berelevant and equitable.
R.C. 3105.18(C)(1)(a)-(n).
 {¶ 11} Having previously resolved the issue of Robyn's ability, or inability, to work, we will not discuss those portions of Robyn's argument. As to the issue of cohabitation, the magistrate specifically stated, "[a]s to her living expenses, she indicates that she pays $500.00 per month in rent to Richard Pettimore, so that she may cohabit with Richard and his wife, Linda." Magis. Decision, at 2, ¶ 11. We cannot see how the magistrate's assessment could be construed as "nothing less than an unwarranted and unnecessary dig at defendant[.]" As to Robyn's employment history, while the trial court may have mischaracterized caring for a grandmother as employment in nursing care, Robyn was not prejudiced as a result of those statements. The overriding factor in Robyn's work history is that she has limited experience due to holding only a few jobs, each of which were for relatively brief periods of time and each of which required no specialized skills.[1]
 {¶ 12} In alleging that the trial court was biased, Robyn points specifically to the following statement of the magistrate:
[c]redibility is always at issue herein. Judging from thedemeanor, body language, and actual testimony of Robyn, itappears that she believes that spousal support is an entitlement.Robyn has had the benefit of being a stay-at-home mom for manyyears. For many, this is a luxury. Robyn has not had significanthealth problems, until after this divorce case was commenced.Further, it appears that she is making no effort to supportherself until this Court has ruled on the issue of spousalsupport. Further, though it is not financial misconduct, it mustalso be taken into consideration that she is now requesting herhusband to support her financial habits, that he did not agreeupon. She voluntarily gave away $9,000.00 as gifts, and yet sherequests spousal support from her husband because she does notwant to work. If one is truly unable to work and is as destituteas Robyn would want this Court to believe, then one does not giveaway $9,000.00 in gifts to anyone or any organization, whether ornot it is church-affiliated.
Magis. Decision, 10, ¶ n. This statement was included under the court's analysis of R.C. 3105.18(C)(1)(n). Although some of the magistrate's statements may have been personally offensive to Robyn, the magistrate clearly made findings of fact and based its decision on the R.C. 3105.18(C)(1) factors. The trial court also considered the record and the statutory factors. As noted above, issues of credibility are best left to the trial court, which apparently gave more credibility to Ted's testimony than Robyn's. The trial court did not abuse its discretion, and the third assignment of error is overruled.
 Seventh Assignment of Error {¶ 13} In the seventh assignment of error, Robyn argues the trial court erred in considering Ted's financial obligations, which arose as part of the property settlement agreement between the parties. Ted contends that the trial court "is required to consider the relative assets and liabilities of the parties, including but not limited to court-ordered payments by the parties." (emphasis in original).
 {¶ 14} The facts are undisputed that the parties resolved the property settlement on their own. Robyn raises specific objection to Ted's expenses that resulted from the property settlement and a loan made by Ted's parents, which his mother requested him to repay while the divorce was pending. Aside from referencing the magistrate's findings, Robyn has failed to cite any portion of the transcript that would support her argument. See App.R. 16(D).
 {¶ 15} R.C. 3105.18(C)(1)(i) requires the trial court to examine "[t]he relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties[.]" In considering that factor, the magistrate indicated that it "has taken into consideration the assets and liabilities of the parties, taking into consideration that Ted did take out a loan to pay Robyn her share of the marital estate. He indicates he further will be liquidating most of his assets." Magis. Decision, at 9, ¶ i. The magistrate included findings that mirrored the language of the property settlement agreement. Id. at ¶¶ 38-39. The magistrate also detailed the parties' respective expenses, which included loans resulting from the property settlement; prior loan obligations, such as automobile loans; health care related to the minor child; and Robyn's health care costs. We cannot see how the trial court abused its discretion by considering the parties' respective assets and liabilities after property settlement, which provides a better assessment of the parties' financial situations. We again note that the parties were represented by counsel and agreed to the property settlement, which the court merely adopted. The seventh assignment of error is overruled.
 First, Second, and Eighth Assignments of Error {¶ 16} In the first assignment of error, Robyn contends the trial court rejected her monthly budget without substituting any reasonable alternative figures. Robyn argues that she may wish to live on her own in the future, and the current rate of spousal support does not contemplate the cost of housing or the increased cost of medical expenses after her COBRA expires in three years. In the second assignment of error, Robyn contends the trial court attributed too little income to Ted, and overstated Robyn's ability to work. Robyn contends the magistrate penalized her because she does not wish to work. In the eighth assignment of error, Robyn contends the magistrate failed to sufficiently detail the factors she evaluated in awarding spousal support. Robyn argues that Ted's budget is inflated due to the parties' property settlement, and the magistrate failed to consider what Ted's future income may be.
 {¶ 17} In response to the first assignment of error, Ted contends Robyn's arguments are not based on evidence in the record, and although the parties presented conflicting evidence, the trial court determines credibility. Ted contends most of Robyn's expenses were speculative. As to the second assignment of error, Ted argues that Robyn's expenses were based on unknown expenses for events that may happen in the future, and as to the eighth assignment of error, Ted contends that the magistrate's decision satisfied the requirements of R.C. 3105.18(C)(1). Ted also asserts that Robyn failed to request findings of fact and conclusions of law, so we are required to presume that the trial court considered all of the statutory factors.
 {¶ 18} The magistrate issued a 12 page decision in this matter. The decision includes approximately 70 paragraphs in which the magistrate issued findings of fact. In addition, the magistrate wrote an additional 14 paragraphs in which it made findings of fact specific to each statutory factor. Again, Robyn has not cited any part of the transcript to contradict the magistrate's findings. App.R. 16(D). The trial court found that the magistrate's decision was not against the manifest weight of the evidence because the magistrate had considered the R.C.3105.18(C)(1) factors and was in the best position to weigh evidence and assess credibility. Furthermore, the trial court stated it had "reviewed the transcript, the Magistrate's Decision, the Objections and the Response thereto, Dr. Hubbell's deposition, and also * * * Ohio Revised Code Section 3105.18
applicable to the spousal support[.]" Trial Ct. Order, Jan. 18, 2006.
 {¶ 19} We cannot find that the trial court abused its discretion in awarding spousal support in the amount of $1,350.00 per month. The trial court was confronted with conflicting evidence, but it was in the best position to weigh the evidence and assess witness credibility. Furthermore, the trial court adopted the magistrate's findings, which provide sufficient findings and conclusions for purposes of review. In reaching our decision, we note that the trial court reserved jurisdiction as to amount so it could adjust spousal support in the event of changed circumstances. The first, second, and eighth assignments of error are overruled.
 {¶ 20} The judgment of the Mercer County Common Pleas Court, Domestic Relations Division, is affirmed.
Judgment Affirmed.
 Rogers and Shaw, JJ., concur.
[1] We note Robyn's former job as a cosmetologist, which does require a license. However, at oral argument, counsel stated Robyn's license expired and left the impression that it had been expired for a significant length of time.